NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| SEAN SOUELS, JR., | : | |
| | : | Civil Action No. |
| Plaintiff, | : | 13-0935 (PGS) |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| JOHN V. MCGUIGAN et al., | : | |
| | : | |
| Defendants. | : | |

Presently before the Court is Plaintiff's complaint, submitted pursuant to 42 U.S.C. § 1983. See Docket Entry No. 1. The complaint arrived accompanied by Plaintiff's application to proceed in this matter in forma pauperis, see Docket Entry No. 1-1, and it appearing that:

1. Plaintiff is a pre-trial detainee. See Docket Entry No. 1, at 2, 4. He asserts that his appointed public defender violated his rights by: (a) not filing certain motions; (b) recommending Plaintiff into accept an offered plea deal; and (c) communicating with Plaintiff in the fashion Plaintiff deems insufficient. See id. at 4-5. Plaintiff alleges that his Sixth Amendment rights were violated by these actions and seeks $500,000 in damages, as well as withdrawal of his criminal charges. See id. at 8. In addition to naming his defense counsel as a Defendant in this matter, Plaintiff

    also named, as Defendants, the State of New Jersey and the Office of Public Defender. <u>See</u> Docket Entry No. 1.

2. Plaintiff's challenges fail to state a claim upon which relief can be granted.  Pursuant to the Eleventh Amendment, the State of New Jersey is immune from the suit at bar. <u>See</u> <u>Kentucky v. Graham</u>, 473 U.S. 159, 169 (1985). Section 1983 does not override the State's Eleventh Amendment immunity. <u>See</u> <u>Quern v. Jordan</u>, 440 U.S. 332 (1979).  Analogously, the Office of Public Defender is not amenable to a § 1983 suit, since the Office is not a "person" within the meaning of Section 1983.  <u>Accord</u> <u>Grabow v. Southern State Correctional Facility</u>, 726 F. Supp. 537, 538-39 (D.N.J. 1989); <u>see also</u> <u>Harper v. Franklin & Marshall College</u>, 2011 U.S. Dist. LEXIS 34298, at *11-12 (E.D. Pa. Mar. 30, 2011); <u>Jones v. Vineland Police Dep't</u>, 2011 U.S. Dist. LEXIS 19671, at *9 (D.N.J. Feb. 28, 2011).  Thus, all Plaintiff's claims against the State and the Office of Public Defender will be dismissed.

3. Furthermore, while Plaintiff, seemingly, believes that his defense counsel is acting under the color of state law, being employed by the Office of Public Defender and appointed to represent Plaintiff's interests in a state criminal proceeding, Plaintiff errs.[1]  It is well-

---

[1] To recover against a defendant under 42 U.S.C. § 1983, a plaintiff must establish that the defendant acted under "color of [state] law" to deprive him of a right secured by the federal

settled that neither a privately retained counsel nor an appointed public defender who performs a lawyer's traditional function as counsel to a defendant in a criminal proceeding could be deemed acting under color of law. See Polk County v. Dodson, 454 U.S. 312, 325 (1981).  Whether appointed or privately retained, a defense attorney represents only his/her client and not the State. See Johnson v. Kafrissen, 1995 U.S. Dist. LEXIS 8072, at *2 (E.D. Pa. June 5, 1995).  Therefore, Plaintiff's claims against his public defender are also subject to dismissal.[2]

4. Finally, to the extent Plaintiff seeks this Court's intervention in his state criminal proceedings, the Court is bound by the abstention doctrine.  The doctrine, which has developed since Younger v. Harris, 401 U.S. 37, "espouse[s] a strong federal policy against federal-court interference

---

Constitution or laws. See Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995).  Section 1983 does not create substantive rights; rather, it provides an avenue of recovery for the deprivation of established federal constitutional and statutory rights. See Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996); Groman, 47 F.3d at 633.  "The color of state law . . . is a threshold issue; there is no liability under [Section] 1983 for those not acting under color of law." Id. at 638.

[2] In the event Plaintiff is convicted, Plaintiff may – upon proper exhaustion of his Sixth Amendment challenges in all levels of the state court – commence a timely Section 2254 habeas action raising these challenges.  The Court, however, stresses that no statement made in this Memorandum Opinion or the accompanying Order shall be construed as expressing this Court's position as to the substantive merit of Plaintiff's potential habeas challenges.

with pending state judicial proceedings absent extraordinary circumstances." Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). "Younger abstention," as this doctrine is known, "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." Evans v. Court of Common Pleas, Delaware County, Pa., 959 F.2d 1227, 1234 (3d Cir. 1992), cert. dismissed, 506 U.S. 1089 (1993). Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding.[3] See id. Indeed, no statement in Plaintiff's complaint indicates that he is unable to present his federal claims in his currently ongoing trial-level proceedings or during his future appellate actions, in the event he is convicted. Therefore, this Court is obligated to assume that the state procedures will afford Plaintiff an adequate remedy. See Kelm v. Hyatt, 44 F.3d 415, 420 (6th Cir. 1995) (citing Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 17 (1987)) ("Initially, we must presume that the state courts are able to protect the interests of the federal

---

[3] The specific elements of the Younger abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989). All three Younger criteria are met in the case at hand.

plaintiff"). Correspondingly, Plaintiff's application for this Court's intervention will be denied.

5. Ordinarily, the plaintiff may be granted "leave [to amend,] . . . when justice so requires." See Foman v. Davis, 371 U.S. 178, 182 (1962); accord Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993).  Indeed, "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep . . . may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman, 371 U.S. at 182-83.  However, "[a]llowing leave to amend where there is a stark absence of any suggestion by the plaintiffs [may] cure the defects in the pleadings . . . would frustrate Congress's objective in enacting this statute of 'provid[ing] a filter at the earliest stage (the pleading stage) to screen out lawsuits that have no factual basis." Cal. Pub. Emples'. Ret. Sys. v. Chubb Corp., 394 F.3d 126, 164 (3d Cir. 2004) (internal quotation marks and citation omitted).  Here, Plaintiff cannot cure the deficiencies of his claims against the State, the Office of Public Defender or his defense counsel by re-pleading.  Analogously, his re-pleading would not affect the application of the Younger abstention.  Therefore, his complaint will be dismissed with prejudice.

An appropriate Order follows.

                                       *s/Peter G. Sheridan*
                                       PETER G. SHERIDAN, U.S.D.J.

March 1, 2013